■ BUFFALO WIRE WORKS COMPANY, INC., Appellant, v GREAT NORTHERN INSURANCE COMPANY, Respondent. [761 NYS2d 892] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Makowski, J.), entered September 3, 2002, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment declaring that defendant had no duty to defend or indemnify plaintiff in the underlying action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff is the insured under a comprehensive general liability policy issued by defendant. After being sued in an underlying action brought by three former employees, plaintiff commenced this action alleging that defendant wrongfully disclaimed coverage under the policy and seeking, inter alia, a declaration that defendant was obligated to defend and must indemnify plaintiff in the underlying action. Supreme Court properly denied plaintiff's motion for summary judgment and properly granted defendant's cross motion for summary judgment declaring that defendant had no duty to defend or indemnify plaintiff in the underlying action (*see generally Town*

*of Massena v Healthcare Underwriters Mut. Ins. Co.,* 98 NY2d 435, 443-444 [2002]). With the exception of the fifth cause of action, the allegations of the underlying complaint fall outside the coverage provisions of the insurance policy. The first through fourth and sixth causes of action of the underlying complaint do not arise out of an "accident[al]" "occurrence" as defined by the policy. Further, the first through fourth causes of action of the underlying complaint do not concern claims of "bodily injury," "personal injury," or "property damage," as required by the coverage provisions of the policy. In particular, we reject plaintiff's contention that the underlying complaint may be read to allege claims of unintentional discrimination and slander falling within the coverage of the policy. In any event, we conclude that all six causes of action of the underlying complaint raise claims that come within one or both of two policy exclusions properly invoked by defendant. One of those exclusions is for claims of "bodily injury or property damage, expected or intended from the standpoint of the insured," and the other is for claims of "bodily injury to * * * an employee of the insured arising out of and in the course of employment by the insured." Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.